ORIGINAL

# In the United States Court of Federal Claims

No. 17-976C
(Filed July 28, 2017)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| | \* |
| | \* |
| **KENNETH GARNER,** | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* |
| | \* |
| **THE UNITED STATES,** | \* |
| | \* |
| Defendant. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

**JUL 2 8 2017**

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On July 19, 2017, the court received a complaint submitted by Kenneth Garner, who is a prisoner at Fairton Correctional Institution in Fairton, New Jersey, proceeding *pro se*. After carefully reviewing the complaint, the Court finds that Mr. Garner plainly failed to state a claim within this court's subject-matter jurisdiction. This court only has jurisdiction under the Tucker Act over cases based on the alleged existence of a contract with the federal government or on an alleged violation by the federal government of a law or constitutional provision mandating the payment of money. 28 U.S.C. § 1491(a)(1); *see also Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (holding that a plaintiff must plead the elements of a valid contract in order to establish jurisdiction based on a contract with the United States); *United States v. Testan*, 424 U.S. 392, 398 (1976) (noting that the Tucker Act confers jurisdiction only where the federal statute allegedly violated confers "a substantive right to recover money damages from the United States"); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005) (holding that this court's jurisdiction "must be based on a law or regulation that either entitles the plaintiff to a payment of money from the government, or places a duty upon the government, the breach of which gives the plaintiff a money damages remedy"). The Tucker Act expressly limits our jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013).

7017 1450 0000 1346 3059

Subject-matter jurisdiction can be challenged by the parties at any time, or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

Mister Garner's complaint appears to be that the prison negligently placed a dangerous inmate into a solitary confinement cell with Mr. Garner, without searching the other inmate, and that inmate injured Mr. Garner. Compl. ¶¶ 3-4. Plaintiff has not identified a money mandating statute or a contract that would place his claim within our jurisdiction. His claims of negligence and intentional infliction of emotional distress appear to fall under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 2671-75. Because negligence claims and claims for intentional infliction of emotional distress are claims sounding in tort, our Court does not have jurisdiction to hear such claims. *See O'Connor v. United States*, 355 Fed. Appx. 412, 413 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Servs., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)) (holding that negligence is a tort claim over which the Court of Federal Claims does not have jurisdiction); *McKenzie v. United States*, 524 Fed. Appx. 636, 638 (Fed. Cir. 2013) (citing *Prosser and Keeton on the Law of Torts* § 131 (W. Page Keeton gen. ed., 5th ed. 1984)) ("intentional infliction of emotional distress [is a] textbook example[] of [a] cause[] of action that sound[s] in tort" over which the Court of Federal Claims lacks jurisdiction). Thus, jurisdiction would lie in the United States District Court of New Jersey, not in this Court. *See* 28 U.S.C. § 1346(b)(1); *McKenzie v. United States*, 524 Fed. Appx. at 638 (citing *United States v. Muniz*, 374 U.S. 150, 164-65 (1963)).

For the foregoing reasons, plaintiff's complaint is **DISMISSED** as beyond our court's jurisdiction pursuant to RCFC 12(h)(3). As no filing fee has been paid, the Court does not find it appropriate to transfer the case to the district court. But given plaintiff's confusion over our jurisdiction, his *pro se* status, and the minimal resources involved in reviewing the complaint, Mr. Garner is relieved of the obligation to pay the filing fee. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge